# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

LARRY D. MITCHELL,        )
                                       )
                Petitioner,      )
                                       )
      vs.                    )          1:11-cv-1445-JMS-MJD
                                       )
KEITH BUTTS, Superintendent,  )
                                       )
             Respondent.    )

## Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Larry D. Mitchell for a writ of habeas corpus must be **denied.** In addition, the court finds that a certificate of appealability should not issue.

## Petition for Writ of Habeas Corpus

## Background

Mitchell was convicted in an Indiana state court of myriad felony offenses, including three counts of felony murder. His convictions were affirmed on appeal in *Mitchell v. State*, 821 N.E.2d 390 (Ind.Ct.App. 2004)(*Mitchell I*). The Indiana Supreme Court granted Mitchell's petition to transfer and affirmed. 844 N.E.2d 88 (Ind. 2006). The trial court's denial of Mitchell's petition for post-conviction relief was affirmed on appeal in *Mitchell v. State*, 49A02-1003-Cr-340 (Ind.Ct.App. April 6, 2011), Mitchell's petition for transfer with respect to the denial of his petition for post-conviction relief was denied on August 18, 2011. The sole claim presented in his petition to transfer was his argument that the post-conviction court had erred in denying his request at a certain point to dismiss that action without prejudice. Specifically, his petition to transfer from the post-conviction decision presented the question "[w]hether the Indiana Court of Appeals erred in concluding that any error in the post-conviction courts early entry of judgment was harmless although Mitchell filed a motion to withdraw petition for post-conviction relief without

prejudice and a motion for relief from judgment prior to courts judgment on *Tucker v. State* grounds, such conclusion being in conflict with other decisions of the Court of Appeals."

Mitchell now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His claims are ineffective assistance of trial counsel, ineffective assistance of appellate counsel, due process violations due to the alleged introduction of inadmissible evidence at trial, and prosecutorial misconduct.

## Discussion

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

Mitchell procedurally defaulted as to his habeas claims. His procedural default consists in not having included any of his habeas claims in his petition to transfer to the Indiana Supreme Court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."). Mitchell's default precludes consideration of the merits of these claims unless he shows the presence of circumstances overcoming the consequences of that default. He has not done so, and the consequence of this is that the court is not permitted to reach the merits of his habeas claims.

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Mitchell has encountered the hurdle produced by the doctrine of procedural

default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. Mitchell's petition for a writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Mitchell has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/09/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana